UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: National Hockey League          MDL No. 14-2551 (SRN/JSM)
Players' Concussion Injury
Litigation

This Document Relates to All Actions          ORDER

---

Charles S. Zimmerman, Brian Gudmundson, David Cialkowski, and Wm Dane DeKrey, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402; Bradley C. Buhrow and Hart L. Robinovitch, Zimmerman Reed, PLLP, 14646 North Kierland Boulevard, Suite 145, Scottsdale, Arizona 85254, for Plaintiffs

Stephen G. Grygiel, Steven D. Silverman, and William Sinclair, Silverman, Thompson, Slutkin & White, LLC, 201 North Charles Street, Suite 2600, Baltimore, Maryland 21201, for Plaintiffs

Jeffrey D. Bores, Bryan L. Bleichner, and Christopher P. Renz, Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for Plaintiffs

Janine D. Arno, Kathleen L. Douglas, Stuart A. Davidson, and Mark J. Dearman, Robbins, Geller, Rudman & Dowd, LLP, 120 East Palmetto Park Road, Boca Raton, Florida 33432, and Leonard B. Simon, Robbins, Geller, Rudman & Dowd, LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, for Plaintiffs

Lewis A. Remele, Jr., Jeffrey D. Klobucar, and J. Scott Andresen, Bassford Remele, 33 South Sixth Street, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas Demetrio, William T. Gibbs, and Katelyn I. Geoffrion, Corboy & Demetrio, 33 North Dearborn Street, Chicago, Illinois 60602, for Plaintiffs

Brian D. Penny, Goldman, Scarlato & Karon PC, 101 East Lancaster Avenue, Suite 204, Wayne, Pennsylvania 19087, and Mark S. Goldman, Goldman, Scarlato & Karon, PC, 101 West Elm Street, Suite 360, Conshohocken, Pennsylvania 19428, for Plaintiffs

Vincent J. Esades and James W. Anderson, Heins Mills & Olson, PLC, 310 Clifton


Avenue, Minneapolis, Minnesota 55403, for Plaintiffs

David I. Levine, The Levine Law Firm P.C., 1804 Intracoastal Drive, Fort Lauderdale, Florida 33305, for Plaintiffs

Daniel E. Gustafson, David A. Goodwin, and Joshua J. Rissman, Gustafson Gluek, PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas J. Byrne, Namanny, Byrne, & Owens, APC, 2 South Pointe Drive, Lake Forest, California 92630, for Plaintiffs

Michael R. Cashman and Richard M. Hagstrom, Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, Minnesota 55439, for Plaintiffs

Robert K. Shelquist, Lockridge, Grindal, Nauen, PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, Minnesota 55401, for Plaintiffs

Shawn M. Raiter, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, Minnesota 55101, for Plaintiffs

Charles J. LaDuca, Cuneo, Gilbert & LaDuca, LLP, 8120 Woodmont Avenue, Suite 810, Bethesda, Maryland 20814, for Plaintiffs

Daniel J. Connolly, Joseph M. Price, Linda S. Svitak, and Aaron D. Van Oort, Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; John H. Beisner, Jessica D. Miller, and Geoffrey M. Wyatt, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, Northwest, Washington, D.C. 20005-2111; Shepard Goldfein, James A. Keyte, Matthew M. Martino, and Michael H. Menitove, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; Matthew Stein, Skadden, Arps, Slate, Meagher & Flom, LLP, 500 Boylston Street, Boston, Massachusetts 02116; Joseph Baumgarten and Adam M. Lupion, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, for Defendant

_____

SUSAN RICHARD NELSON, United States District Court Judge

      This matter is before the Court on Plaintiffs' Motion to Add a Class Representative [Doc. No. 564]. For the reasons set forth herein, the motion is granted.

I.   **BACKGROUND**

Plaintiffs, retired National Hockey League players, filed this putative class action alleging that Defendant National Hockey League ("NHL") is responsible for "the pathological and debilitating effects of brain injuries caused by concussive and sub-concussive impacts sustained . . . during their professional careers." (Pls.' First Am. Consolidated Class Action Compl. ("Am. Compl.") ¶ 1 [Doc. No. 351] .)

Plaintiffs seek leave to add George Bradley, the executor of the Estate of Lawrence Zeidel ("the Estate"), as a potential class representative. (Pls.' Mem. Supp. Mot. to Add Class Rep. at 7-8 ("Pls.' Mem") [Doc. No. 566].) Plaintiffs contend that in April 2014, Zeidel, a former NHL player, retained the law firms of Silverman, Thompson, Slutkin & White, ("Silverman Thompson") and Namanny Byrne & Owens, to represent Zeidel in a lawsuit that had been filed on behalf of a group of former NHL players in the U.S. District Court for the District of Columbia. (Id. at 1; Byrne Dec. ¶ 4 [Doc. No. 594]; Silverman Decl. ¶ 4 [Doc. No. 593].) The retainer agreement did not contain a provision requiring the law firms to prosecute Zeidel's case through a final judgment. (Silverman Decl. ¶ 5.)

On June 17, 2014, Zeidel died. (Pls.' Mem. at 1.) Within a few days of his death, Zeidel's brain was donated to the Chronic Traumatic Encephalopathy Center at Boston University for research purposes (id.), although his counsel was unaware of this donation at the time. (See Silverman Decl. ¶ 6)

Pursuant to the Conditional Transfer Order of the Judicial Panel on Multidistrict Litigation, the Silverman Thompson case was transferred to this Court in August 2014 for

coordinated pretrial proceedings. (Pls.' Mem. at 1-2.) In January 2015, Boston University informed Zeidel's Estate that he had suffered from chronic traumatic encephalopathy ("CTE") before his death. (Id. at 2.) Silverman Thompson received notice of this posthumous diagnosis in February 2015 from Zeidel's daughter. (See Ex. A to Silverman [Doc. No. 593-1].)

In February 2015, Silverman Thompson also learned that a non-family member, Joan Bradley, was appointed as the personal representative of Zeidel's Estate. (Silverman Decl. ¶ 11.) Zeidel's family members challenged Ms. Bradley's appointment. (Id.) On July 6, 2016, Meredith Seigle, the court-appointed lawyer for the Estate, informed Silverman Thompson that five weeks earlier, George Bradley had replaced his wife as personal representative because Ms. Bradley had purportedly absconded with estate funds to England. (Id. ¶ 13.)

On July 8, 2016, George Bradley, the newly-appointed personal representative for the Estate, retained Silverman Thompson to represent the Estate in this action. (Pls.' Mem. at 2.) Plaintiffs seek to add the Estate as a representative of proposed Subclass 2. This proposed subclass consists of those class members "who have been clinically diagnosed with a Neurological Disease, Disorder, or Condition." (Pls.' Proposed Second Am. Class Action Compl. ¶ 394, Ex. A to Zimmerman Supp'l Decl. [Doc. No. 575-1].)

In opposition to Plaintiffs' motion, the NHL contends that Plaintiffs fail to show good cause for amending the complaint. (Def.'s Opp'n Mem. at 6-8 [Doc. No. 584].) Further, the NHL argues that permitting the proposed amendment would prejudice them

4

because the need to conduct additional discovery would further delay the case. (Id. at 10-18.)

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Moreover, "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001). Even if the adverse party would suffer some prejudice if the motion to amend were granted, the anticipated prejudice must be balanced against the hardship to the moving party if the motion is denied. Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir.1981).

As Plaintiffs acknowledge, (Pls.' Mem. at 2), however, where granting leave to amend will necessarily require a modification of the case management order, a party must demonstrate good cause. Fed. R. Civ. P. 16(b)(4). "[T]he moving party's diligence in attempting to meet the case management order's requirements" is "[t]he primary measure of Rule 16's 'good cause' standard." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (citation omitted) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). A finding of prejudice to the opposing party and other factors may also affect a court's decision on the issue of good cause. Id. The Eighth Circuit has found that good cause does not exist when the plaintiffs knew of the existence of the

claims they sought to add when they filed their original complaint, <u>Barstad v. Murray Cnty.</u>, 420 F.3d 880, 883 (8th Cir. 2005), or should have known of the existence of the claim or claims at the time of their original filing. <u>Popoalii v. Corr. Med. Servs.</u>, 512 F.3d 488, 497 (8th Cir. 2008).

### A.     Diligence

Defendant argues that Plaintiffs have failed to demonstrate the diligence necessary for modification of the case management order and have instead presented conflicting versions of when Zeidel and the Estate retained Silverman Thompson. (Def.'s Opp'n Mem. at 1.)

The Court agrees that information concerning the timing of the attorney-client relationship between Silverman Thompson and the Estate is somewhat confusing. However, before the Court are the Declarations of attorneys Silverman and Byrne and the statements of Mr. Sinclair–all officers of the Court–that they did not represent the Estate until July 2016. Under these circumstances, the Court finds that Plaintiffs acted diligently in August 2016, in seeking to comply with the case management order's requirements, by seeking leave to amend the First Amended Complaint. While Plaintiffs learned of Zeidel's posthumous CTE diagnosis in February 2016, Plaintiffs' counsel did not represent the Estate at that time. The facts before the Court are therefore distinguishable from the authority cited by the NHL in which plaintiffs knew or should have known of the existence of claims, but simply failed to act. The Court therefore finds that Plaintiffs meet the good cause standard for amending the First Amended Complaint, as counsel could not

seek leave to add the Estate as a potential Subclass 2 representative until counsel learned of Zeidel's diagnosis and counsel represented Zeidel's Estate.

### B. Prejudice

The NHL also argues that Plaintiffs should not be permitted to amend the First Amended Complaint due to the resulting prejudice to the NHL. (Def.'s Opp'n Mem. at 8-18.) While the need to conduct additional discovery and the resulting delay may constitute "prejudice" justifying the denial of a motion to amend under Rule 15(a), In re Milk Prods. Antitrust Litig., 195 F.3d 430, 438 (8th Cir. 1999), the Court finds that extending the case management order here will allow Defendant sufficient time to conduct its discovery of the new potential class representative. Accordingly, the Court amended the case management order, extending the class certification deadlines by 90 days. (Amended Pretrial Order No. 22 [Doc. No. 606].) Moreover, in connection with this motion, Plaintiffs have produced to Defendant additional provider information, a Plaintiff fact sheet, and related information concerning Zeidel. (See Exs. 1 & 2 to Sinclair Decl. [Doc. No. 595].) For all of these reasons, the Court finds that Defendant will not be prejudiced by permitting Plaintiffs' proposed amendment and the request to add a class represented is therefore granted.

**IV.     ORDER**

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Plaintiffs' Motion to Add a Class Representative [Doc. No. 564] is **GRANTED.**

Dated:    October 14, 2016

                                             s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Court Judge