FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Daniel J. Connolly**
+1 612 766 7806
daniel.connolly@FaegreBD.com

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▫ 90 South Seventh Street
Minneapolis ▫ Minnesota 55402-3901
Phone +1 612 766 7000
Fax +1 612 766 1600

February 3, 2017

The Honorable Susan Richard Nelson
U.S. District Judge, District of Minnesota
United States District Court
774 Federal Building
316 N. Robert Street
St. Paul, MN  55101

<u>**VIA ECF**</u>

RE:  <u>***In re National Hockey League Players' Concussion Injury Litigation,***
***MDL No. 14-2551 (SRN/JSM)***</u>

Dear Judge Nelson:

We appreciate the Court's willingness to assist the parties in resolving a dispute about expert discovery.  Currently, the Court has scheduled a telephonic hearing to address this issue for Tuesday, February 7, 2017 at 12:30 pm.

As you are aware, we are quickly approaching the depositions of plaintiffs' experts, including the deposition of Stephen Casper currently scheduled for Wednesday, February 22, 2017.  In anticipation of Dr. Casper's deposition, the NHL has requested certain items to which it is entitled under the Federal Rules of Civil Procedure, but which plaintiffs are refusing to provide.  We have attempted to resolve this issue with plaintiffs' counsel, but have been unable to reach agreement on the following issue.

Specifically, we are seeking annotated notes that Dr. Casper prepared regarding various articles.  In Dr. Casper's expert report, he states the following:

> All primary sources that were read were transferred into a ***chronologically organized annotated bibliography*** from 1871 to 2011.

Decl. of Stephen T. Casper, PhD ¶ 35 (ECF No. 644) (emphasis added).  The NHL requested the annotated bibliography that Dr. Casper references in paragraph 35 of his report, but plaintiffs have refused to produce this document on the ground that it constitutes a "draft" of Casper's expert report.  (*See* Email from B. Gudmundson to J. Beisner (Jan. 31, 2017, 2:48 PM EST) (attached as Ex. 1).)  We believe this is a blatant misreading of the Federal Rules.

   Although draft expert reports are indeed protected from discovery, an annotated bibliography is not a "draft" expert report. *See, e.g., In re Application of the Republic of Ecuador*, 280 F.R.D. 506, 513 (N.D. Cal. 2012) (holding that an expert's ***notes***, task lists, outlines, memoranda and presentations were not privileged work product); *see also* Fed. R. Civ. P. 26 (advisory committee notes to 2010 amendments) ("Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule."). Rather than a draft report, an annotated bibliography is, quite literally, a list of sources with Dr. Casper's notations.

   Other courts have held that, much like the annotated bibliography at issue here, an expert's notes do not constitute a "draft" report. *See, e.g., Murray v. S. Route Mar., S.A.*, No. C12-1854RSL, 2014 WL 12029284 (W.D. Wash. Oct. 3, 2014). In *Murray*, the court specifically found that annotations could not be considered a draft report:

> [The expert] apparently takes notes for the same reason most of us do: to help him analyze and develop ideas and to remind him of points which require additional research or rebuttal. Such note taking is not the same thing as drafting a report. . . .

*Id.* at *1. This situation is no different. Dr. Casper's annotations on his bibliography do not constitute a "draft" that would be protected from discovery. Rather, they are simply what Dr. Casper calls them: annotations. Because expert annotations are not protected from discovery under Rule 26, Dr. Casper's annotated bibliography should be produced promptly.

   The NHL appreciates the Court's direction on this important issue as Dr. Casper's deposition is quickly approaching and defense counsel are hindered in their ability to prepare to depose him without these underlying materials.

                   Respectfully submitted,

                   Daniel J. Connolly

cc:  Charles Zimmerman
   Steve Grygiel
   Stuart Davidson
   Brian Gudmundson