UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: National Hockey League
Players' Concussion Injury
Litigation

MDL No. 14-2551 (SRN/JSM)

This Document Relates to All Actions

MEMORANDUM OPINION
AND ORDER

Charles S. Zimmerman, Brian Gudmundson, David Cialkowski, and Wm Dane DeKrey, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402; Bradley C. Buhrow and Hart L. Robinovitch, Zimmerman Reed, PLLP, 14646 North Kierland Boulevard, Suite 145, Scottsdale, Arizona 85254, for Plaintiffs

Stephen G. Grygiel, Steven D. Silverman, and William Sinclair, Silverman, Thompson, Slutkin & White, LLC, 201 North Charles Street, Suite 2600, Baltimore, Maryland 21201, for Plaintiffs

Jeffrey D. Bores, Bryan L. Bleichner, and Christopher P. Renz, Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for Plaintiffs

Janine D. Arno, Kathleen L. Douglas, Stuart A. Davidson, and Mark J. Dearman, Robbins, Geller, Rudman & Dowd, LLP, 120 East Palmetto Park Road, Boca Raton, Florida 33432, and Leonard B. Simon, Robbins, Geller, Rudman & Dowd, LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, for Plaintiffs

Lewis A. Remele, Jr., Jeffrey D. Klobucar, and J. Scott Andresen, Bassford Remele, 33 South Sixth Street, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas Demetrio, William T. Gibbs, and Katelyn I. Geoffrion, Corboy & Demetrio, 33 North Dearborn Street, Chicago, Illinois 60602, for Plaintiffs

Brian D. Penny, Goldman, Scarlato & Karon PC, 101 East Lancaster Avenue, Suite 204, Wayne, Pennsylvania 19087, and Mark S. Goldman, Goldman, Scarlato & Karon, PC, 101 West Elm Street, Suite 360, Conshohocken, Pennsylvania 19428, for Plaintiffs

Vincent J. Esades and James W. Anderson, Heins Mills & Olson, PLC, 310 Clifton

Avenue, Minneapolis, Minnesota 55403, for Plaintiffs

David I. Levine, The Levine Law Firm P.C., 1804 Intracoastal Drive, Fort Lauderdale, Florida 33305, for Plaintiffs

Daniel E. Gustafson, David A. Goodwin, and Joshua J. Rissman, Gustafson Gluek, PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas J. Byrne, Namanny, Byrne, & Owens, APC, 2 South Pointe Drive, Lake Forest, California 92630, for Plaintiffs

Michael R. Cashman and Richard M. Hagstrom, Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, Minnesota 55439, for Plaintiffs

Robert K. Shelquist, Lockridge, Grindal, Nauen, PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, Minnesota 55401, for Plaintiffs

Shawn M. Raiter, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, Minnesota 55101, for Plaintiffs

Charles J. LaDuca, Cuneo, Gilbert & LaDuca, LLP, 8120 Woodmont Avenue, Suite 810, Bethesda, Maryland 20814, for Plaintiffs

Daniel J. Connolly, Joseph M. Price, Linda S. Svitak, and Aaron D. Van Oort, Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; John H. Beisner, Jessica D. Miller, and Geoffrey M. Wyatt, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, Northwest, Washington, D.C. 20005-2111; Shepard Goldfein, James A. Keyte, Matthew M. Martino, and Michael H. Menitove, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; Matthew Stein, Skadden, Arps, Slate, Meagher & Flom, LLP, 500 Boylston Street, Boston, Massachusetts 02116; Joseph Baumgarten and Adam M. Lupion, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, for Defendant

_____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Defendant's Letter Request [Doc. No. 678] to compel the production of a chronologically organized annotated bibliography compiled by Plaintiffs' expert, Dr. Stephen Casper, and referenced in Dr. Casper's expert report. (See

Casper Decl. ¶ 35 [Doc. No. 644].) Dr. Casper's area of expertise is medical history, with a special emphasis on the history of neurology. (Id. ¶¶ 1, 4.)

Plaintiffs oppose the production of the annotated bibliography, arguing that the information compiled in the document constitutes a rough draft for a section of Dr. Casper's report and is thus protected work product. (Pls.' Letter at 1 [Doc. No. 679].)

Pursuant to the Court's request, Plaintiffs provided a copy of the annotated bibliography for *in camera* review, along with a copy of Dr. Casper's expert report.

## I.  DISCUSSION

While Rule 26(a)(2)(B)(ii) requires the disclosure of any facts or data considered by the expert in forming his or her opinion, Rule 26(b)(4)(B) "protects drafts of any report or disclosure . . . regardless of the form in which the draft is recorded." As noted in Davita Healthcare Partners, Inc. v. United States, 128 Fed. Cl. 584, 588 (Fed. Cl. 2016), prior to the 2010 amendments to the Federal Rules of Civil Procedure, courts generally required the disclosure of all documents given to testifying experts, including attorney work product. Because such a "bright-line rule" was seen as an impediment to communication between counsel and experts, the Federal Rules were amended in 2010 to create limited work product protection for communications between a party's attorney and expert witness, Fed. R. Civ. P. 26(b)(4)(C), and for drafts of expert reports, Fed. R. Civ. P. 26(b)(4)(B). Id. The Notes to the Rule explain that the protection for draft reports "applies regardless of the form in which the draft is recorded, whether written, electronic, or otherwise." Fed. R. Civ. P. Rule 26 Advisory Cmte. Notes, Subd. (b)(4) (2010). The

Notes also state that "the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule." Id.

Defendant argues that an annotated bibliography is simply not a draft expert report, (Def's Letter of 2/6/17 at 1-2), noting that Dr. Casper refers to the annotated bibliography as a separate document within his expert report. But, as discussed below, the label attached to the underlying document is not necessarily determinative, as the rule applies to drafts, regardless of the form of the draft. As other courts have acknowledged, there is little published authority on the question of what constitutes a "draft" that is protected from disclosure. See, e.g., Wenk v. O'Reilly, No. 2:12-cv-474, 2014 WL 1121920, at *5 (S.D. Ohio Mar. 20, 2014) ("There is not an abundance of case law which helps the Court distinguish between notes which are simply a compilation of information for possible later use in a case, and notes which truly are part of the draft of a final expert report.") Not surprisingly then, the determination of whether a document falls within the ambit of Rule 26(b)(4)(B) as a "draft report," is highly fact-specific. Id. at *5 (observing that "perhaps it is appropriate that there be no bright-line standard, since most cases will turn on their facts and this appears to be a fact-dependent issue.").

In finding that an expert's underlying documents constituted a draft, the court in Deangelis v. Corzine, 11 Civ. 7866 (VM) (JCF), 2016 WL 93862, at *4 (S.D.N.Y. Jan. 7, 2016), considered evidence that the documents were in fact created for use in an expert report, that the expert anticipated that the document would form a part of the report she was drafting, and that the underlying information was in fact inserted in the draft report.

Similarly, the court in Davita Healthcare Partners, Inc. v. United States, 128 Fed. Cl. 584, 588 (Fed. Cl. 2016), also found that Rule 26(b)(4)(B)'s work product protection applied to an expert's preliminary analyses of claims data and various damages scenarios, reflecting Plaintiff's counsel's mental processes in developing litigation strategy.  The court observed that Rule 26(a)(2)(B) requires the disclosure of the facts and data considered by the expert in formulating an opinion, but "not any further analyses of those facts and data."  Id. at 592.  Finding that the expert's report detailed the facts and data on which she relied, the court denied the defendant's request for the expert's preliminary analyses of claims data, in the form of spreadsheets, scripts, and presentations.  Id.

In a case cited by the NHL, In re Application of Republic of Ecuador, 280 F.R.D. 506, 513-14 (N.D. Ca. 2012), aff'd, 742 F.3d 860 (9th Cir. 2014), a variety of material was withheld as work product under Rule 26(b)(4)(B), including notes, letters, memoranda, and outlines, some of which was found to be protected and some of which was not.  Much like the court in Davita, the court noted that for a document to qualify as work product under Rule 26(b)(4)(B), it must be authored by the expert in the litigation, must be a draft of a report ultimately submitted in the litigation, and must apply to the expert's own development of the opinions to be presented in the expert report.  Id. at 512-13.  While some of the purported draft documents did not fall into those parameters, the court afforded work product protection to the expert's draft worksheets.  Id.  Finding that the opposing party had not demonstrated substantial need for that information, the court denied the production of such materials.  Id.  However, the court declined to afford any

such protection to various notes, outlines, memoranda, and letters drafted by the expert, his attorneys, and non-attorney employees.  Id. at 513-14.  As to presentations by the expert and a non-attorney employee, the court stated that the protection given to draft reports under Rule 26(b)(4)(B) "does not extend to the expert's own development of the opinions to be presented outside of draft reports." Id.   The court in Wenk, 2014 WL 1121920, at * 6-7, requested in camera review of the documents in question, noting that factors important to his determination would include how significant the notes appeared in the context of the final opinion, how well-formulated the notes were, how much time had elapsed between taking the notes and drafting the opinion, and whether the notes appeared in any subsequent or final draft in substantially the same language.  Having later reviewed the documents, consisting of deposition pages or other documents not prepared by the expert, upon which the expert took notes, and emails about literature in the field, the court concluded that most were not protected as draft reports.  Wenk v. O'Reilly, No. 2:12-cv-474 (S.D. Ohio April 3, 2014) [S.D. Ohio ECF No. 131].  However, among the documents, the court found protected certain draft portions of the report.  Id. at 2.  The Court agrees with Plaintiffs that Murray v. S. Route Mar., S.A., No. C12-1854 RSL, 2014 WL 12020284, at *1 (W.D. Wash. Oct. 3, 2014), is distinguishable, because the expert report in question had already been issued, so that the requested notes could not be considered a draft report.

Applying the general analyses used by the courts noted above, the Court's *in camera* review of the annotated bibliography confirms that it was prepared by Dr. Casper,

who anticipated that it would form a part of the report that he was drafting, as the document is referenced in his report. See In re Application of Republic of Ecuador, 280 F.R.D. at 512-13; Deangelis, 2016 WL 93862, at *4. In addition, the underlying information was included in the report, the report has been submitted in this litigation, and the document applies to Dr. Casper's own development of the opinions presented in his report. Id. Moreover, the bibliography that is included in Dr. Casper's expert report sufficiently identifies the sources of information contained within the report.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Letter Request [Doc. No. 678] is **DENIED**.

Dated:   February 21, 2017

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge
