# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: National Hockey League Players' Concussion Injury Litigation ) ) ) ) This Document Related to: ) ) ALL ACTIONS ) ) | MDL Docket No. 14-2551 (SRN/BRT) **ORDER** |

Co-Lead Plaintiffs' Counsel, on behalf of all Settling Persons, as defined in Section 1.45 of the Settlement Agreement, have moved the Court for entry of an Order to aid in the efficient processing and administration of the Settlement Agreement with an Execution Date of November 6, 2018, as amended on March 20, 2019, entered into by the NHL and Co-Lead Plaintiffs' Counsel, which among other things, is intended to resolve the federal multidistrict litigation pending in the United States District Court for the District of Minnesota, *In re: National Hockey League Players' Concussion Injury Litigation,* MDL No. 14-2551 (SRN) (the "Settlement Agreement"). In particular, the Motion seeks an Order to: (1) establish a qualified settlement fund pursuant to the terms of the Settlement Agreement and within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-1, *et seq*. ("Regulations"); (2) retain continuing jurisdiction and supervision over the qualified settlement fund; and (3) determine certain matters with respect to the administration of the qualified settlement fund.

The Court, having reviewed the Motion, and finding good and sufficient cause therefore, hereby FINDS and ORDERS the following:

1. The Unopposed Motion to Establish a Qualified Settlement Fund [Doc. No. 1008] is **GRANTED**.

2. A qualified settlement fund is established pursuant to the terms of the Settlement Agreement and pursuant to the jurisdiction conferred upon this Court within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-1, *et seq.* ("Regulations"). The qualified settlement fund shall be named the "NHL Retired Players Settlement Agreement Qualified Settlement Fund" or "the QSF."

3. The Court will retain continuing jurisdiction over the QSF.

4. Sapientia Law Group ("Sapientia"), as Claims Administrator, is hereby appointed to administer the QSF within the meaning of Treasury Regulations § 1.468B-2(k). This appointment is made based on the terms of the Settlement Agreement and the Unopposed Motion to Establish Qualified Settlement Fund. Sapientia is granted the authority to conduct any and all activities necessary to administer the QSF as described in the motion papers filed with this Court.

5. In accordance with the terms of the Settlement Agreement, Sapientia is authorized to segregate settlement funds if necessary, distribute Attorneys' fees and Costs, distribute Settlement Payments and Administrative Expense Payments, and invest the funds as set forth in the motion papers filed with the Court.

6. The QSF will be held at The Huntington National Bank ("Huntington), a financial institution headquartered in Columbus, Ohio, according to the terms, conditions, and restrictions of this Order. Huntington will serve as Escrow Agent for the QSF, pursuant to the terms of the Settlement Agreement and an escrow agreement between Co-Lead Plaintiffs' Counsel, Sapientia in its capacity as the Claims Administrator, and Huntington in its capacity as Escrow Agent.

7. No bond is required for Sapientia to administer the QSF, provided that all monies received in the QSF from the NHL pursuant to the Settlement Agreement, which include all principal and interest earned thereon (the "Settlement Monies"), shall be held in custody of Huntington, for the benefit of and titled in the legal name of the QSF and invested in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.

8. Following instructions from Sapientia pursuant to these terms and conditions, Huntington shall invest the QSF such that the following investment policy is implemented: (1) safety of principal and (2) zero bank liability exposure. Notwithstanding the foregoing, Huntington shall not be allowed to distribute any income or principal from the QSF except upon written instructions from Sapientia. Sapientia retains the right to remove Huntington, and may designate

a replacement bank, upon the written consent of the Parties. In the event of such replacement, the terms and conditions of this Order, including without limitation, those addressing bond requirements, investments, and distributions of the QSF, shall apply to any such replacement bank.

9. Sapientia shall not be liable for any losses as a result of investing the Settlement Monies as directed by the Court. Any such losses shall not be recoverable from the NHL, the NHL's counsel, or Settling Persons' Counsel, none of whom shall have any responsibility for Sapientia's or Huntington's performance. Receipt and/or investment of the Settlement Monies shall be confirmed to Counsel by Sapientia as soon as practicable by account statements or other reasonable method.  Once required amounts are deposited in the QSF by or on behalf of the NHL, the NHL's payment obligation is fulfilled and satisfied.

10. Sapientia is authorized upon final distribution of all monies paid into the QSF to take appropriate steps to wind down the QSF, thereafter discharging Sapientia from any further responsibility with respect to the QSF.

**IT IS SO ORDERED.**

Dated: April 4, 2019     s/Susan Richard Nelson
                        SUSAN RICHARD NELSON
                        United States District Judge